# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYREE TRAMMELL, an individual | ) | |
| TYREE TRAMMELL, an administrator of | ) | |
| the ESTATE OF FELICIA TRAMMELL | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. N26C-01-330 KMM |
| | ) | |
| v. | ) | |
| | ) | |
| MALENE INGRAM, M.D. an individual, | ) | |
| TIDALHEALTH NANTICOKE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 18, 2026
Decided: July 14, 2026

*Defendants' Partial Motion to Dismiss* – **GRANTED**.

## MEMORANDUM OPINION AND ORDER

Leroy A. Tice, Leroy A. Tice, Esquire, P.A., *Attorney for Plaintiff Tyree Trammell*.

D. Shields, Rachel Winfield Karstetter, Randall MacTough, Eckert Seamans Cherin and Mellott, LLC, *Attorneys for Defendant TidalHealth Nanticoke, Inc*.

**Miller, J.**

## I.     INTRODUCTION

Defendant Malene Ingram, M.D., employed by defendant TidalHealth Nanticoke, Inc. ("TidalHealth"), provided medical services and health management to Felicia Trammell ("Ms. Trammell"), who died from Dr. Ingram's alleged medical negligence.  The complaint asserts three counts.  Counts I and II assert medical negligence claims, respectively, directly against Dr. Ingram and, *via respondeat superior,* against TidalHealth.

TidalHealth moves to dismiss Count III, which asserts a claim against it for negligent hiring and supervision of Dr. Ingram.[1]  TidalHealth asserts that this claim is barred by the applicable statute of limitations and that plaintiffs failed to sufficiently plead the claim.

Plaintiffs sent a timely Notice of Intent, pursuant to 18 *Del. C.* § 6856(4), which tolls the statute of limitations for medical negligence claims for an additional 90 days.  Plaintiffs' medical negligence claims were timely filed before the expiration of this extended period.  Plaintiffs' direct negligence claim against TidalHealth, however, was filed after the applicable two-year statute of limitations but before expiration of the 90-day period.  Plaintiffs assert that the Notice of Intent

---

[1] Partial Motion to Dismiss (the "Motion") (D.I. 7).

2

tolled the statute of limitations on the direct claim against TidalHealth and that they have sufficiently pled their claim.

While plaintiffs make an appealing policy argument to extend the tolling of Section 6856(4) to the related ordinary negligence claim, a review of the statute, the General Assembly's legislative intent, and prior case law, reveals that there is no basis to extend the tolling provision to this claim. Thus, Count III is time-barred.

Even if Count III were timely filed, plaintiffs failed to adequately plead the direct claim. Accordingly, TidalHealth's Motion is *GRANTED*.

## II. FACTUAL BACKGROUND[2]

In January 2023, Ms. Trammell consulted with Dr. Ingram about a weight loss procedure and care.[3] Dr. Ingram performed a surgical procedure in April and another in May 2023.[4] Within weeks after each procedure, Ms. Trammell presented to the emergency room with various symptoms.[5]

Ms. Trammell returned to the emergency room on September 17 and again on November 8, 2023.[6] On November 8, Dr. Ingram performed another surgical procedure.[7] Ms. Trammell's condition deteriorated quickly. She died on November 18, 2023, as a result of "surgical complications (anastomotic leaks, severe intra-

---

[2] The facts are derived from the allegations in the complaint.
[3] Complaint ¶ 7 ("Compl.") (D.I. 1).
[4] *Id.* ¶¶ 8-13.
[5] *Id.* ¶¶ 12-15.
[6] *Id.* ¶¶ 16-17.
[7] *Id.* ¶ 18.

abdominal sepsis, necrotic bowel) causing fatal refractory septic shock, multi-organ failure, massive fluid imbalances, and metabolic derangements."[8]

On October 16, 2023, plaintiffs sent Dr. Ingram and TidalHealth a Notice of Intent to Investigate Medical Negligence Claims (the "Notice of Intent").[9] The Notice of Intent identified the date of injury as November 7 to November 18, 2023.[10] Plaintiffs filed their complaint on January 16, 2026, asserting that Dr. Ingram failed to properly treat and diagnose Ms. Trammell, resulting in her death (Count I).[11] Because Dr. Ingram was an employee of TidalHealth, plaintiffs assert that it is vicariously liable for her acts of medical negligence (Count II).[12] Finally, plaintiffs assert a direct claim of negligence (Count III) against TidalHealth (the "Negligent Administration Claim"), alleging it:

 a. Failed to appropriately review, investigate and confirm Dr. Ingram's fitness with respect to her knowledge, training, expertise, skill and prior claims of medical negligence, prior to hiring Dr. Ingram for bariatric surgical services; and

 b. Failed to supervise Dr. Ingram in a manner which would prevent harm to those presenting to Dr. Ingram's clinic for the express purpose of surgical care; and

 c. Failed to establish and institute policies and procedures with respect to election and execution of bariatric surgical procedures sufficient to avoid the harms that were visited upon Ms. Trammell because of Dr. Ingram's negligence.[13]

---

[8] *Id.* ¶ 25.
[9] Motion, Ex. A.
[10] *Id.*
[11] Compl. ¶ 33.
[12] *Id.* ¶ 38.
[13] *Id.* ¶ 43.

## III. THE PARTIES' CONTENTIONS

Because the Negligent Administration Claim was filed after the two-year statute of limitations, as provided in 10 *Del. C.* §§ 8107 (wrongful death) and 8119 (personal injuries), TidalHealth contends the claim is time-barred and must be dismissed. Alternatively, TidalHealth contends that the complaint fails to adequately plead the Negligent Administration Claim, as required by Superior Court Civil Rule 9(b) and therefore, it must be dismissed under Rule 12(b)(6).

Plaintiffs contend that the Notice of Intent tolled not only the medical negligence claim, but also the direct Negligent Administration Claim. Plaintiffs further contend that the Negligent Administration Claim is pleaded with sufficient particularity.

## IV. APPLICABLE LEGAL STANDARDS

The standard for a motion to dismiss for failure to state a claim is well established:[14]

> "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are 'well-pleaded' if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the 'plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.'"[15]

---

[14] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (citation omitted).
[15] *Id.*

5

The court, however, is not required to accept every strained reading of the complaint; it need only credit allegations supported by specific facts and "reasonable inferences that logically flow from the face of the complaint[.]"[16]

Under Superior Court Civil Rule 9(b), negligence must be pled with particularity. The purpose of the rule "'is to apprise the adversary of the acts or omissions by which it is alleged that a duty has been violated.'"[17] While the rule does not require "exactitude," the allegations must include the "'time, place, contents of the alleged [negligence], as well as the individual accused of committing the [negligence].'"[18] "When the necessary facts are ... within the opposing party's control, however, less particularity is required."[19] In such circumstances, the claim will survive dismissal if "'the circumstances of the [negligence]' are drawn 'with detail sufficient to apprise the [accused] of the basis for the claim.'"[20]

---

[16] *Id.* (citation omitted).
[17] *Uppal v. Waters*, 2016 WL 4211774, at *2 (Del. Super. Aug. 9, 2016) (quoting *Mancino v. Webb*, 274 A.2d 711, 713 (Del. Super. 1971)).
[18] *Id.* (quoting *TrueBlue, Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *6 (Del. Super. Sept. 25, 2015)).
[19] *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *12 (Del. Super. Jan. 13, 2021) (internal quotes omitted) (quoting *Brightstar Corp. v. PCS Wireless, LLC*, 2019 WL 3714917, at *9 (Del. Super. Aug. 7, 2019)).
[20] *Id.* (quoting *Brightstar Corp.*, 2019 WL 3714917, at *9).

## V. ANALYSIS

### A. *A notice of intent under 18 Del. C. § 6856(4) does not toll the statute of limitations for ordinary negligence.*

Under Section 6856, any claim "against a health-care provider for personal injury … arising out of *medical negligence*" must be brought before the expiration of two years from the date the injury occurred.[21] "Health care" is defined in Section 6801 as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health-care provider for, to or on behalf of a patient during the patient's medical care, treatment or confinement."[22] To prevent frivolous claims in health care negligence cases, a plaintiff must submit an affidavit of merit as to each defendant, signed by an expert.[23]

The statute of limitations for a health care negligence claim may be tolled for up to 90 days if the plaintiff sends the defendant a Notice of Intent to Investigate the potential defendant.[24] The 90-day period runs from the last day of the applicable statute of limitations.[25]

---

[21] 18 *Del. C.* § 6856 (emphasis added). Sections 6856(1)-(3) provide exceptions to this limitation period, which do not apply here.

[22] 18 *Del. C.* § 6801(3).

[23] 18 *Del. C.* § 6853(a)(1); *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011); *Saddler v. Nanticoke Mem'l. Hosp.*, 2012 WL 6846550, at *5 (Del. Super. Dec. 24, 2012) ("The purpose of an affiant having similar skill and experience is to create a hurdle to filter our frivolous health care medical negligence claims.").

[24] 18 *Del. C.* § 6856(4).

[25] *Id.*

When the General Assembly added Section 6856(4) in July 2003, the accompanying synopsis stated:[26]

> Additionally a process to allow up to ninety (90) days to investigate a potential negligence claim is added and would extend the medical malpractice statute of limitations accordingly. It is expected that this grace period will give plaintiffs an opportunity to determine whether a potential claim has merit and *will result in some lawsuits that might otherwise be filed not being filed.*[27]

Thus, the intent in permitting the statute to be tolled was to allow a plaintiff additional time to investigate (including collecting medical records and seeking to secure an affidavit of merit), to avoid the filing of unmeritorious claims simply to meet the statute of limitations deadline.

In contrast to a health care medical negligence claim, an affidavit of merit is not required for a negligent administration claim that allegedly contributed to a plaintiff's injuries.[28] This is because negligent administration, hiring, and oversight claims are not medical negligence claims, but rather, ordinary negligence claims.[29]

Having determined that plaintiffs' Negligent Administration Claim is an ordinary negligence claim, not subject to the affidavit of merit requirement, it follows that the tolling provision for health care medical negligence does not apply

---

[26] When the amendment was added, the 90-day tolling provision was designated as subsection (3). It has since been renumbered as subsection (4).

[27] *Leatherbury v. Greenspun*, 939 A.2d 1284, 1290 (Del. 2007) (emphasis in original).

[28] *Saddler*, 2012 WL 6846550, at *5.

[29] *Id.*; *Hodge v. Bayhealth Med. Ctr., Inc.*, 2025 WL 1068228, at *3 (Del. Super. Apr. 9, 2025).

to ordinary negligence. Stated differently, Count III is not a health care medical negligence claim so Section 6856(4), by its plain terms, does not apply.

Plaintiffs argue that Section 6856(4) should be read broadly because training and supervision "are not purely administrative tasks; they are clinical safeguards[]" and a negligent administration claim typically will not lie without underlying medical negligence.[30] Therefore, plaintiffs assert, it is consistent with the policy of avoiding frivolous claims to toll the statute of limitations on the negligent administration claim, while the medical negligence claim is being investigated.[31]

While plaintiffs' argument has some appeal, the Court cannot, under the guise of construing the statute, expand it to apply beyond its clear terms; it applies only to medical negligence claims.[32] Further, negligent administration claims *are* different from medical negligence claims. As alleged here, the negligent hiring of Dr. Ingram occurred when she was hired, and the negligent supervision occurred when TidalHealth failed to previously establish policies and procedures or properly train its employees. These claims do not fall within the definition of health care as any act or treatment performed or furnished "*during the patient's medical care.*"

---

[30] Plaintiffs' Response to Partial Motion to Dismiss ¶ 7 ("Response") (D.I. 9).
[31] *Id.*
[32] *See Leatherbury*, 939 A.2d at 1288 ("creating an exception under the guise of 'construction' where a statute is clear and unambiguous is improper.").

Where "there is no reasonable doubt as to the meaning of the words used [in a statute], the court's role is limited to an application of the literal meaning of those words."[33] Accordingly, Section 6856(4) does not toll non-medical negligence claims and Count III is untimely and must be dismissed.

**B.** ***Even if not time-barred, Count III fails to state a claim.***

TidalHealth argues that the Negligent Administration Claim must be dismissed for the independent reason that it was not pled with particularity, as required by Superior Court Civil Rule 9(b).[34] TidalHealth asserts that the complaint is devoid of any allegations "that TidalHealth knew or should have known Dr. Ingram caused harm to patients by providing substandard bariatric care … or [that she had] a history of poor bariatric surgical outcomes."[35] Plaintiffs contend that they have pled facts of the "'time, place, contents of the alleged [negligence], as well as the individual accused of committing the [negligence][,]'"[36] which is sufficient to satisfy Rule 9(b). Further, plaintiffs argue, because the facts are solely within the control of TidalHealth, the Court should apply the more lenient standard for pleading negligence.

---

[33] *Id.* (quoting *In re Adoption of Swanson*, 623 A.2d 1095, 1096-97 (Del. 1993)); *Dambro v. Meyes*, 974 A.2d 121, 129 (Del. 2009) (the court's overriding objective is to "ascertain and give effect to the intent of the legislature").
[34] Motion ¶ 7.
[35] *Id.* ¶ 3.
[36] Response ¶ 8 (quoting *Uppal v. Waters,* 2016 WL 4211774, at *2 (Del. Super. Aug. 9, 2016)).

The complaint actually asserts two claims in Count III: negligent hiring and negligent supervision. "[T]hese two actions must be evaluated separately because the relevant actions or omissions occur at different times."[37] A key element of these claims is whether the employer knew or should have known the employee was unfit or required the employer "'to exercise control over its employee.'"[38] Additionally, "there must be a causal relationship between (1) the particular quality or characteristic of the employee that rendered him or her unfit for the job, and of which the employer knew or should have known, and (2) the injury suffered by the plaintiff."[39]

While plaintiffs may be correct that the facts surrounding Dr. Ingram's hiring are solely within the possession of TidalHealth and are "strictly protected" so that the more lenient standard applies,[40] the Court cannot accept conclusory allegations. The complaint contains no facts relating to the alleged characteristic that rendered Dr. Ingram unfit or TidalHealth's knowledge at the time she was hired. Similarly, the complaint fails to allege any facts to support an inference that TidalHealth, at some unidentified time, failed to properly train or supervise Dr. Ingram. Rather, these claims rest on the fact that medical negligence allegedly occurred. The

---

[37] *Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 825 (Del. Super. 2009).
[38] *Id.* at 826 (quoting *Matthews v. Booth,* 2008 WL 2154391, at *3 (Del. Super. May 22, 2008)).
[39] *Id.* (quoting 37 Am. Jur. Proof of Facts 3d 191).
[40] Response ¶¶ 11-12.

conclusory allegations are insufficient. Plaintiffs failed to plead Count III with the requisite particularity and therefore, must be dismissed on this independent ground.

## C. *Plaintiffs' request for discovery is denied.*

If Count III is found to be deficient, plaintiffs "request leave for targeted discovery to add dates of Dr. Ingram's privileging, any known adverse events, complaints, morbidity/mortality reviews, bariatric committee oversight, staffing/training gaps, and policy deficiencies."[41] Plaintiffs' request is denied. Before a plaintiff is entitled to discovery, she must state a viable claim.[42] Having failed to do so, plaintiff is not entitled to discovery.[43]

## VI. CONCLUSION

Count III asserts a direct claim of ordinary negligence against TidalHealth, which is not subject to the extended statute of limitations for medical negligence claims. Thus, Count III is time-barred. Even if the claim was timely, plaintiffs failed

---

[41] Response p. 9.

[42] *Cushing v. Holowaty,* 2025 WL 3554601, at *6 (Del. Super. Dec. 11, 2025) ("conclusory allegations do not unlock the door to discovery in hope of finding evidence to support a claim").

[43] It is unclear what discovery plaintiffs believe will bolster their claims as they acknowledged that peer review and credentialling review committees records are privileged. 24 *Del. C.* § 1768(b) (records of peer review and credentialing committees are confidential and "are not available for court subpoena, nor are they subject to discovery"); *Palmer v. Christana Care Health Servs., Inc.*, 2021 WL 673462, at *2 (Del. Super. Feb. 22, 2021). To overcome the privilege, a plaintiff must plead/show gross or wanton negligence with particularity. *Jane DOE 30's Mother v. Bradley*, 58 A.3d 429, 462-63 (Del. Super. 2012) ("Gross negligence is defined as a higher level of negligence representing an extreme departure from the ordinary standard of care.") (citation omitted). Plaintiffs have made no such showing. Furthermore, any amendment would be futile because the ordinary negligence claim is time-barred. *See Driggus v. State Farm Mut. Auto. Ins. Co.,* 2023 WL 7599490 (Del. Super. Nov. 15, 2023) (finding amendment to add a party would be futile because the claim against the absent party would be barred by the statute of limitations).

12

to sufficiently plead the claim under Rule 9(b).  Accordingly, defendants' motion to dismiss Count III is **GRANTED**.


**IT IS SO ORDERED.**

*Kathleen M. Miller*
Kathleen M. Miller, Judge
